1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MTRACY@MICHAELTRACYLAW.COM
   MICHAEL VELARDE, ESQ., SBN 266272
3  MVELARDE@MICHAELTRACYLAW.COM
4  LAW OFFICES OF MICHAEL TRACY
   2030 Main Street, Suite 1300
5  Irvine, CA 92614
6  T: (949) 260-9171
   F: (866) 365-3051
7
                                                E-filing
8  Attorneys for Plaintiff Billy Bowlin

9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA

11 BILLY BOWLIN, AN INDIVIDUAL;     Case No.: CV 12 1593 JSW

12            Plaintiff,              COMPLAINT FOR UNPAID
                                      OVERTIME UNDER CALIFORNIA
13       vs.                          LABOR CODE, WAITING TIME
                                      PENALTIES, OVERTIME UNDER
14 GOODWILL INDUSTRIES OF             THE FLSA, RETALIATION, AND
15 THE GREATER EAST BAY, INC., A      UNFAIR BUSINESS PRACTICES
   CALIFORNIA CORPORATION; ,
16
17            Defendant.              DEMAND FOR JURY TRIAL

18 Plaintiff, BILLY BOWLIN, alleges:

19                          **JURISDICTION**

20    1.   This Court has jurisdiction over this matter because this complaint
21 alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.
22    2.   This court has supplemental jurisdiction of all the State law claims
23 under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts –
24 namely whether Plaintiff performed work and was not paid overtime wages and
25 whether that failure to pay was willful. The waiting time penalty claim is directly
26 related to whether the failure to pay overtime required by the FLSA was willful. As
27 such, all the claims make up the same case or controversy under Article III of the
28

United States Constitution.

## GENERAL ALLEGATIONS

3. This Court is the proper court and this action is properly filed in the County of Contra Costa and in this judicial district because Defendants do business in the County of Contra Costa, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Contra Costa is the subject of this action.

## PARTIES

4. Plaintiff BILLY BOWLIN ("BOWLIN") was employed by Defendant from February 6, 2008 through April 20, 2011.

5. Defendant GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC. ("GOODWILL") is a California corporation doing business in the County of Contra Costa, State of California.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE
## (AGAINST GOODWILL )

6. Plaintiff refers to and incorporate by reference Paragraphs 1 through 5.

7. Plaintiff started as an hourly employee and was required to work off-the-clock in that he would work hours and was told not to report them on his timecard.

8. Later, Plaintiff was placed on salary and not paid any overtime even though he regularly worked approximately 60 hours each week.

9. Pursuant to Industrial Welfare Commission Order No. 7-2001, California Code of Regulations, Title 8, § 11070, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours

worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) hours on the seventh consecutive work day in a week.

10. Plaintiff worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

11. Plaintiff was entitled to the above overtime premiums.

12. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

13. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

14. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

15. Plaintiff BOWLIN worked at least one pay period in which he was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

16. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

17. As a proximate result of Defendants' violations, Plaintiff BOWLIN has been damaged in an amount in excess of $10,000 and subject to proof at time of trial.

18. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11070, Plaintiff BOWLIN is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203
## (AGAINST GOODWILL)

19. Plaintiff refers to and incorporates by reference Paragraphs 1 through 18.

-3-
COMPLAINT FOR LABOR VIOLATIONS

20. This cause of action is brought against GOODWILL, jointly and individually.

21. Plaintiff's employment with Defendants was terminated on April 20, 2011.

22. Defendants willfully refused and continue to refuse to pay Plaintiff BOWLIN unpaid wages as required by Labor Code § 203. Defendants know that the pay is due and are refusing to pay it.

23. Plaintiff BOWLIN requests damages and penalties as provided by Labor Code § 203 in the amount of $3,000 and subject to proof at time of trial.

## THIRD CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)

24. Plaintiff refers to and incorporates by reference Paragraphs 1 through 23.

25. This cause of action is against all Defendants, jointly and individually.

26. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

27. Plaintiff worked numerous weeks in excess of forty (40) hours.

28. Plaintiff was entitled to the above overtime premiums.

29. Defendants failed to compensate Plaintiff for any overtime premiums.

30. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

31. Plaintiff worked at least one week in which overtime premiums were

not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

32. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

33. Plaintiff used equipment on the job that had previously been transported in interstate commerce.

34. Defendant GOODWILL was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

35. Defendant GOODWILL was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

36. Defendant GOODWILL conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

37. Defendant GOODWILL employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

38. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

39. Plaintiff prays for judgment for overtime pay of $10,000. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

40. Plaintiff prays for judgment for liquidated damages in the amount of $10,000. This amount is supplemental to the relief requested in all other causes of action.

41. Plaintiff prays for costs and attorney's fees.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200
## (AGAINST GOODWILL)

42. Plaintiff refers to and incorporates by reference Paragraphs 1 through 41.

43. This cause of action is brought against GOODWILL, jointly and individually.

44. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

45. Plaintiff BOWLIN prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## FIFTH CAUSE OF ACTION
## RETALIATION
## (AGAINST GOODWILL)

46. Plaintiff refers to and incorporates by reference Paragraphs 1 through 45.

47. In early 2011, Plaintiff complained to his supervisor that he was not receiving overtime pay.

48. In addition, Plaintiff complained that GOODWILL had a policy of illegally denying overtime pay to hourly employees.

49. GOODWILL managers had instructed Plaintiff to falsify timecards so that overtime would not be paid to employees.

50. Plaintiff refused to falsify the timecards.

51. In response to Plaintiff's complaints about unpaid overtime, GOODWILL terminated his employment.

52. Although GOODWILL cites that Plaintiff had issues with alcohol, these were not a factor in his termination because he had these issues since he was hired and GOODWILL was well aware of them.

53. GOODWILL did not have any problems with Plaintiff until he started complaining about the unpaid overtime.

COMPLAINT FOR LABOR VIOLATIONS

54. Plaintiff complained about the illegal activities, as outlined in this Complaint, being committed by his employer.

55. In response to the complaints of illegal activity, Employer retaliated against Plaintiff. Plaintiff suffered lost wages and other damages as a result of this retaliation.

56. Plaintiff seeks damages under Cal. Labor Code § 98.6.

57. Plaintiff seeks all damages and remedies available under 29 U.S.C. § 216, including the payment of wages lost, an additional amount as liquidated damages, and reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff BOWLIN in an amount in excess of $10,000 and subject to proof at trial.

2. For liquidated damages in the amount in excess of $10,000 and subject to proof at trial.

3. For penalties and damages pursuant to Labor Code § 203 for Plaintiff BOWLIN in an amount of $3,000 and subject to proof at trial.

4. For restitution and disgorgement for all unfair business practices against Plaintiff BOWLIN in an amount subject to proof at trial.

5. For prejudgment and post judgment interest.

6. Cost of suit.

7. Attorneys' fees.

8. For such other and further relief as the court may deem proper.

DATED: March 27, 2012        LAW OFFICES OF MICHAEL TRACY

                             By: _____
                             MICHAEL TRACY, Attorney for Plaintiff Billy Bowlin

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: March 27, 2012        LAW OFFICES OF MICHAEL TRACY

                             By: _____
                             MICHAEL TRACY, Attorney for Plaintiff Billy Bowlin