1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10  **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| BILLY BOWLIN, | Case No. 12-cv-01593 NC |
| Plaintiff, | **ORDER CONTINUING MOTION FOR SUMMARY JUDGMENT HEARING** |
| v. | Re: Dkt. Nos. 29, 34 |
| GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC., | |
| Defendant. | |

18  Plaintiff Billy Bowlin brings this suit against Defendant Goodwill Industries of the

19  Greater East Bay, Inc., his former employer, for withholding of wages, failure to pay

20  overtime, unlawful business practices, and wrongful termination.  Bowlin moves for partial

21  summary judgment as to Goodwill's twenty-sixth affirmative defense, arguing that an

22  agreement between the parties imposing a six month limitation on the time in which Bowlin

23  may bring claims against Goodwill is unconscionable, and thus unenforceable.  The issue is

24  whether summary judgment is premature based on the evidence submitted by the parties.

25  Because Goodwill fails to address Bowlin's assertion of procedural unconscionability, the

26  Court DEFERS ruling on the motion and CONTINUES the hearing.

27  //

28

# I. BACKGROUND

## A.    Bowlin's Motion for Partial Summary Judgment

Bowlin moves for partial summary judgment arguing that the agreement, which Goodwill asserts bars his employment claims, is unconscionable.  Dkt. No. 29.  He contends that the agreement is procedurally unconscionable because no one from Goodwill reviewed the terms of the agreement with him, he was not able to discuss or negotiate the terms, and he was given the agreement to sign while he was working.  Dkt. No. 29-1. Bowlin argues that the agreement is substantively unconscionable because the sixth month limit it imposes on claims brought by an employee against Goodwill is unreasonable, benefits Goodwill to the detriment of the employee, and contravenes statutory rights afforded by the Fair Labor Standards Act and California law.  Dkt. No. 29 at 10-15.

In addition, Bowlin claims the agreement is void under California Labor Code § 206.5, which invalidates waivers and releases when wages are due to an employee.  *Id.* at 15-16.  He argues that because he was made to sign the agreement two months after beginning his job at Goodwill, he was owed wages, and any release of his rights as a condition to receive those wages is void.  *Id.* at 16.

## B.    Goodwill's Opposition to the Motion and Objection to Bowlin's Declaration

Goodwill opposes the motion on the grounds that there is an enforceable contract that bars Bowlin's untimely claims.  Dkt. No. 32.  It disputes Bowlin's assertion of procedural unconscionability, *id.* at 4, and submits the declaration of a human resources administrator who explains Goodwill's process of presenting the agreement to new employees, dkt. no. 32-1.  Goodwill argues that there is nothing inherently unreasonable about the six month limitation on bringing claims against it, and that California law recognizes the rights of parties to shorten statutes of limitations by contract.  Dkt. No. 32 at 7-8.  Goodwill contends that Bowlin's motion is premature because discovery has just begun and because Bowlin has failed to show that there is no dispute as to the material facts.  *Id.* at 9-10.

Goodwill also objects to the admissibility of Bowlin's declaration.  Dkt. No. 32-2. First, Goodwill argues that Bowlin has failed to introduce sufficient proof to support a

finding of the facts he alleges, and thus his declaration is irrelevant under Federal Rule of Evidence 104(b). *Id.* Second, Goodwill argues that Bowlin lacks sufficient personal knowledge to contend that the contract is one of adhesion. *Id.* These objections are denied. First, Bowlin's declaration does not present an issue of conditional relevancy. Although his declaration may be terse and even conclusory, it is relevant because it makes the fact of procedural unconscionability, which is of consequence in this case, more probable. Fed. R. Evid. 401. Goodwill's attack of the declaration for not providing specifics goes to the credibility of the evidence, which this Court does not weigh on summary judgment. Second, Goodwill misstates Bowlin's declaration in challenging his personal knowledge. Nowhere in the declaration does Bowlin aver that the contract is one of adhesion. Rather, he presents that legal argument in his motion for summary judgment.

**C.     Jurisdiction**

This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1367. All parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c). *See* Dkt. No. 13.

## II. STANDARD OF REVIEW

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving

party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c). "If a party fails to properly support an assertion of fact or fails to property address another party's assertion of fact as required by Rule 56(c)," the court has discretion to consider the matter undisputed, grant the motion, give the party the opportunity to address the fact properly, or issue any other appropriate order. Fed. R. Civ. P. 56(e). Upon a showing from the nonmoving party that it cannot present facts to justify its opposition, the court may defer the motion for summary judgment, allow time for discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d).

## III. DISCUSSION

Bowlin's claim of unconscionability is premised in part on the unconscionable procedure by which he was made to sign the agreement. Both procedural and substantive unconscionability must be present in order for a court to refuse to enforce a contract or clause under the doctrine of unconscionability. *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1042 (9th Cir. 2001). Bowlin supports his contention of procedural unconscionability with his declaration, in which he states that "a manager presented [him] with a copy of the agreement . . . to initial and sign while [he] was working," that no one "reviewed the terms or content of the agreement with [him]," and that he "was not able to discuss, negotiate or modify any of the terms or content of the agreement." Dkt. No. 29-1 ¶¶ 2-4.

Goodwill bears a burden under Rule 56(c) to set forth facts showing a triable issue of material fact as to the issue of procedural unconscionability. It submits the declaration of Griselda Guzman, senior human resources administrator. Dkt. No. 32-1. Ms. Guzman describes the general "intake" and orientation procedure and states that she is "intimately familiar with the process by which all employees were presented with this form in 2008." *Id.* ¶ 5. Ms. Guzman also admits that she "did not personally give Plaintiff Bowlin the [agreement] at his intake and orientation meeting." *Id.*

These facts do not address Bowlin's assertions that he was not given time to review the agreement, that he could not negotiate the terms, and that he was already owed wages at

the time the form was given to him to sign, which Rule 56(e) requires.  Nor does Goodwill

explain why it cannot present facts that specifically respond to Bowlin's contentions.

Goodwill has not made a showing under Rule 56(d) nor explained why the human resources

person who signed the agreement Bowlin signed cannot attest to the circumstances under

which Bowlin signed the agreement.

## IV. CONCLUSION

In light of the limited evidence presented of procedural unconscionability, the Court

DEFERS ruling on Bowlin's motion for partial summary judgment.  The hearing on the

motion currently set for November 7, 2012 is CONTINUED until December 19, 2012 at

1:00 p.m.  Accordingly, Bowlin's motion to appear at the hearing by telephone is DENIED

as moot.  Goodwill has twenty-eight days from the date of this order to submit additional

facts that respond to Bowlin's assertion or to make a showing of unavailability under Rule

56(d).  Bowlin may submit a reply by December 12, 2012 at 5:00 p.m.


IT IS SO ORDERED.

Date: November 2, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-01593 NC
ORDER CONTINUING MOTION FOR               5
SUMMARY JUDGMENT HEARING