UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BILLY BOWLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC.,<br><br>    Defendant. | Case No. 12-cv-01593 NC<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 29 |

Plaintiff Billy Bowlin brings this suit against Defendant Goodwill, his former employer, for withholding of wages, failure to pay overtime, unlawful business practices, and retaliation. Bowlin moves for partial summary judgment as to Goodwill's twenty-sixth affirmative defense, arguing that a clause in the agreement between the parties shortening the time in which Bowlin has to bring claims against Goodwill is unconscionable, rendering the agreement unenforceable, and his claims timely. The issue is whether the six-month limitations provision is unconscionable. Because Bowlin has shown the absence of a genuine dispute of fact as to the provision's unconscionability, and Goodwill has failed to set forth specific facts showing a dispute, the Court GRANTS Bowlin's motion for partial summary judgment.

//

# I. BACKGROUND

**A. Bowlin's Complaint**

Bowlin alleges that he was employed by Goodwill from February 6, 2008 through April 20, 2011. Dkt. No. 1 ¶ 4. Bowlin started as an hourly employee and was required "to work off-the-clock," meaning he was told not to report his hours on his time card. *Id.* ¶ 7. After Bowlin became a salaried employee, he worked approximately sixty hours per week on a regular basis, but still Goodwill did not pay him overtime. *Id.* ¶ 8. Bowlin alleges that Goodwill has a policy of not paying overtime to hourly employees and that managers instructed him to falsify timecards not to reflect overtime worked. *Id.* ¶¶ 48, 49. Bowlin states that he complained to his supervisor about not receiving overtime and refused to falsify the timecards. *Id.* ¶¶ 47, 50. In response, Goodwill terminated his employment. *Id.* ¶ 51. Prior to complaining about the lack of overtime pay, Bowlin claims that Goodwill did not have any problems with him as an employee. *Id.* at 53.

Bowlin brings five claims against Goodwill: (1) failure to pay overtime compensation under California law; (2) failure to pay unpaid and owed wages to Bowlin in violation of California Labor Code § 203; (3) failure to pay overtime pay under the Fair Labor Standards Act ("FLSA"); (4) unlawful business practices under California Business and Professions Code § 17200; and (5) retaliatory termination for complaining about unpaid overtime. *See* Dkt. No. 1. He seeks damages, restitution and disgorgement under his §17200 claim, interest, costs, and fees. *Id.*

**B. Bowlin's Motion for Partial Summary Judgment and Goodwill's Opposition**

Bowlin moves for partial summary judgment arguing that the employment agreement, which Goodwill asserts bars his claims, is unconscionable. Dkt. No. 29. On April 4, 2008, he signed an agreement which contains the following provision:

> In consideration of my employment, I agree that I will not commence any action or suit relating to my employment with Goodwill Industries of the Greater East Bay Inc. more than 6 months after the date of termination of my employment. I also agree to waive any statute of limitation that may provide a longer period. Dkt. No. 32 at 12.

Bowlin contends that the agreement is procedurally unconscionable because no one from Goodwill reviewed the terms of the agreement with him, he was not able to discuss or negotiate the terms, and he was given the agreement to sign while he was working. Dkt. No. 29-1. He argues that the agreement is substantively unconscionable as well because the sixth-month limit it imposes on claims brought by an employee against Goodwill is unreasonable, benefits Goodwill to the detriment of the employee, and contravenes statutory rights afforded by the FLSA and California law. Dkt. No. 29 at 10-15.

In the alternative, Bowlin claims the agreement is void under California Labor Code § 206.5, which invalidates waivers and releases when wages are due to an employee. *Id.* at 15-16. He argues that because he was made to sign the agreement two months after beginning his job at Goodwill, he was owed wages, and any release of his rights as a condition to receive those wages is void. *Id.* at 16.

Goodwill opposes the motion, arguing that there is an enforceable contract that bars Bowlin's untimely claims. Dkt. No. 32. It disputes Bowlin's assertion of procedural unconscionability, *id.* at 4, and submits the declaration of a human resources administrator. who explains Goodwill's process of presenting the agreement to new employees, dkt. no. 32-1. Goodwill argues that there is nothing inherently unreasonable about the six-month limitations period for bringing claims against it, and that California law recognizes the rights of parties to shorten statutes of limitations by contract. Dkt. No. 32 at 7-8.

**C.     This Court's November 2, 2012 Order**

The Court deferred ruling on Bowlin's motion because Goodwill did not respond to Bowlin's assertions as required by Federal Rule of Civil Procedure 56(c) and (e), nor show why the responsive facts were unavailable under Rule 56(d). Specifically, the declaration submitted by Goodwill of Griselda Guzman, senior human resources administrator, did not address Bowlin's assertions that he was not given time to review the agreement, that he could not negotiate the terms, and that he was already owed wages at the time the form was given to him to sign. The Court ordered Goodwill to submit additional facts or make a showing of unavailability under Rule 56(d).

**D. Goodwill's Further Opposition**

Goodwill asserts in its further opposition that Bowlin was not owed overtime at the time he signed the waiver at issue. Dkt. No. 40 at 2. Because Bowlin brings a claim for unpaid overtime only, and not other forms of compensation, Goodwill argues, his claims are essentially moot. *Id.* Furthermore, Goodwill contends that California Labor Code § 206.5 requires that the claims asserted by a plaintiff be identical to the claims purportedly released by the agreement. *Id.* at 3. Because Bowlin claims unpaid overtime, he cannot rely on the fact that he was owed regular wages to invalidate the agreement under § 206.5. *Id.* Moreover, the issue of whether Bowlin was owed overtime wages was not at issue at the time the parties signed the agreement. *Id.*

In support of its assertions, and in response to the Court's order, Goodwill submits a second declaration from Guzman, along with printouts of Bowlin's timecards from Goodwill's personnel software system. Dkt. No. 40-1. Goodwill asserts that it has lost contact with Marjorie Myrick, whose signature and initials appear on the agreement at issue, and cannot locate her to obtain a declaration about the conditions under which Bowlin signed the contract. Dkt. No. 40 at 4. Goodwill states, however, that Guzman worked at Goodwill at the time that Bowlin signed the employment agreement, and that as a matter of company policy, any dispute of terms or desire to negotiate would have been brought to her attention. *Id.*

In his reply, Bowlin disputes that Goodwill has met its burden to show that a genuine issue of fact exists as to whether he was afforded the opportunity to negotiate the terms of the employment agreement. Dkt. No. 41.

**E. Jurisdiction**

This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1367. All parties have consented to the jurisdiction of a United States magistrate judge in accordance with 28 U.S.C. § 636(c). See Dkt. No. 13.

//

## II. STANDARD OF REVIEW

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c). All reasonable inferences, however, must be drawn in the light most favorable to the non-moving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

## III. DISCUSSION

A court may refuse to enforce a contract, or any clause of a contract, it finds to be unconscionable. Cal. Civ. Code § 1670.5. Both procedural and substantive unconscionability must be present in order for a court to refuse to enforce a contract or clause under the doctrine of unconscionability, but they need not be present in the same degree. *Armendariz v. Found. Health Psychcare Services, Inc.*, 6 P.3d 669, 690 (Cal. 2000). Rather, unconscionability is analyzed on a "sliding scale": "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.*

//

Case No. 12-cv-01593 NC
ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT

5

### A. Because Bowlin Had No Opportunity to Negotiate Terms, the Contract Is Procedurally Unconscionable.

"The threshold inquiry in California's unconscionability analysis is 'whether the . . . agreement is adhesive." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1281 (9th Cir. 2006) (quoting *Armendariz*, 6 P.3d at 689). A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz*, 6 P.3d at 689. A finding that a contract is adhesive is essentially a finding of procedural unconscionability. *Nagrampa*, 469 F.3d at 1281; *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 893 (9th Cir. 2002) ("The [contract] is procedurally unconscionable because it is a contract of adhesion. . . .); *Flores v. Transamerica HomeFirst, Inc.*, 113 Cal. Rptr. 2d 376, 382 (Cal. Ct. App. 2001). The critical factor for determining both adhesion and procedural unconscionability is whether the contract "was presented on a take-it-or-leave-it basis" and "oppressive due to an inequality of bargaining power that result[ed] in no real negotiation and an absence of meaningful choice." *Nagrampa*, 469 F.3d at 1281.

Goodwill's senior human resources administrator, Grizelda Guzman, states that "all employees were presented with [agreement at issue] in 2008." Dkt. No. 32-1 ¶ 5. This suggests that the agreement was a standard contract, drafted by Goodwill. As the moving party, however, it is Bowlin's burden to show that there is no genuine factual dispute that the manner in which the contract was presented to him renders it procedurally unconscionable. To this end, Bowlin submits a declaration and avers that "a manager presented [him] with a copy of the agreement . . . to initial and sign while [he] was working," that no one "reviewed the terms or content of the agreement with [him]," and that he "was not able to discuss, negotiate or modify any of the terms or content of the agreement." Dkt. No. 29-1 ¶¶ 2-4.

Even after the Court granted Goodwill leave to submit additional facts to respond to Bowlin's assertions, Goodwill fails to establish a dispute of material fact. Marjorie Myrick, left Goodwill and the company is unable to contact her to take her declaration. Dkt. No. 40-

1 ¶ 8. Goodwill again submitted a declaration of Guzman in which she states that she did not personally give Bowlin the agreement. *Id.* ¶ 5. Guzman avers that "If an employee of Goodwill chose to dispute any terms or wish [sic] to negotiate terms, Ms. Myrick would have been obligated to bring such an occurrence to my attention." *Id.* ¶ 7. She states that Myrick "never brought up any issues with Bowlin wishing to dispute or negotiate" the terms of the agreement. *Id.*

Guzman's declaration still does not address Bowlin's assertions as required under Rule 56. Specifically, Guzman's statements do not establish that Myrick followed her training or company policy generally, or that she followed the policy when she presented the release form to Bowlin. Therefore, under Rule 56(e) the Court finds undisputed the fact that Bowlin was presented with a standard form, drafted by Goodwill, and was denied the opportunity to discuss or negotiate the terms. Accordingly, the Court finds that as a matter of law, the agreement is procedurally unconscionable.

**B.     The Sixth-Month Limitations Provision Is One-Sided and Overly Harsh.**

A contract is substantively unconscionable if it creates "overly harsh or one-sided results." *Armendariz*, 6 P.3d at 690. If there is a lack of mutuality in the contract, it must be accompanied by a reasonable justification. *Id.* at 692. When analyzing the enforceability of contractual limitations on the period in which an employee can bring suit against its employer, the Ninth Circuit has not been consistent. For example, in *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1076 (9th Cir. 2007), the court held that "forcing employees to comply with a strict one-year limitations period for employment-related statutory claims is oppressive." Likewise, in *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1175 (9th Cir. 2003), and *Adams*, 279 F.3d at 894, the Ninth Circuit found that a provision requiring employees to arbitrate claims arising out their employment within one year lacked the "modicum of bilaterality" required under California law and was therefore substantively unconscionable. Conversely, in *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1044 (9th Cir. 2001), the court held that a six-month contractual limitations provision is not substantively unconscionable under California law.

*Soltani* is distinguishable from the instant case for several reasons. First, in reaching its conclusion, the *Soltani* court relied on only one California case in the employment context, *Beeson v. Schloss*, 192 P. 929 (Cal. 1920), which predates both the California wage and hour statutes and the FLSA upon which Bowlin bases his claims. More recently, California courts have found six-month limitations provisions "unconscionable and insufficient to protect . . . employees' right to vindicate their statutory rights." *Martinez v. Master Prot. Corp.*, 12 Cal. Rptr. 3d 663, 672 (Cal. Ct. App. 2004).

Second, in *Soltani*, unlike here, "appellants cited no case specifically striking down a contractual provision shortening a limitations period." *Id.* at 1042. Since *Soltani*, the Ninth Circuit itself has struck down contractual provisions shortening limitations periods. And the Ninth Circuit precedent the *Soltani* court relied upon, *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir. 1995), is equally inapposite to the instant case. In *Han*, the party bringing suit did not contest the reasonableness of the one-year limitations period in the contract, and the panel explicitly noted that the limitation was reasonable because it "generally manifests no undue advantage and no unfairness." As discussed above, Bowlin did not have the opportunity to negotiate, and the contract does not impose the same six-month limit on Goodwill.

Last, the *Soltani* court found persuasive that the statutes at issue in that case also set a limitations period of six months. Here, in contrast, Bowlin has two years to bring a claim under the FLSA, and three for a willful violation of the Act. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). The California provisions upon which he bases claims have three and four-year statutes of limitations. *See* Cal. Civ. Proc. Code § 338; Cal. Bus. & Prof. Code § 17200.

Admittedly, *Davis*, *Ingle*, and *Adams* were decided, in part, out of concern that a one-year limitations period would preclude employees from bringing discrimination claims under the theory of "continuing violations." *Davis*, 485 F.3d at 1077. Bowlin does not bring a discrimination claim or assert a continuing violation. Rather, he alleges that Goodwill failed to pay overtime wages earned by him, that it had a policy of forcing

Case No. 12-cv-01593 NC
ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT
8

1  employees not to report overtime worked on their timecards, and that when he complained
2  about not being paid, Goodwill fired him.  Nevertheless, in light of the distinctions between
3  this case and *Soltani*, the Ninth Circuit's recent precedent finding a one-year limitations
4  provision substantively unconscionable is more analogous and thus more persuasive.
5  Furthermore, applying California's sliding scale approach, the provision need not be as
6  substantively unconscionable given the procedurally unconscionable manner in which the
7  adhesive agreement was presented to Bowlin.  The Court thus concludes that the six-month
8  limitations provision is one-sided because it applies only to the employee, overly harsh
9  because it is considerably shorter than the limitations periods provided by statute, and
10 oppressive according to Ninth Circuit precedent.

**C.     The Unconscionable Provision May Be Severed from the Agreement.**

Bowlin does not contend that other aspects of the agreement are substantively unconscionable.  And, it does not appear that the remainder of the agreement is so "permeated by unconscionability" that the unenforceability of the contract cannot be cured by severing the limitations provision.  *Armendariz*, 6 P.3d at 695.  Rather, the one-sidedness is confined to a single provision.  Accordingly, the Court severs the unconscionable six-month limitations provision from the employment agreement.

## IV. CONCLUSION

Because the limitations provision is procedurally and substantively unconscionable, it is unenforceable and does not bar Bowlin's claims.  The Court GRANTS Bowlin's motion for partial summary judgment on this issue.

IT IS SO ORDERED.

Date: January 24, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge